<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| MANUEL BLADIMIR SALGADO TARAZONA,<br><br>      Petitioner,<br><br>    v.<br><br>ROY BECKER-ROWLEY, *et al.*,<br><br>      Respondents. | Civil Action No. 26-8152 (BRM)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Petitioner Manuel Bladimir Salgado Tarazona's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 arguing his detention is unlawful. (ECF No. 1.) Respondents filed an answer (ECF No. 6), and Petitioner replied (ECF No. 8). The Court considered the parties' submissions in support of and opposition to the Petition, the Court decides the issue without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and for good cause appearing, the Petition is **DENIED**.

**I. BACKGROUND**

Petitioner, a citizen of Peru, unlawfully entered the United States and was issued an Expedited Order of Removal on February 14, 2022. (ECF No. 6 at 1; ECF No. 6-1 at 2; ECF No. 8 at 8.) On March 15, 2022, an asylum officer found Petitioner did not have a credible fear of persecution or torture if returned to Peru. (*See* ECF No. 8 at 12.) On March 22, 2022, and Immigration Judge ("IJ") affirmed the no credible fear finding and ordered Petitioner removed.

(ECF No. 9-1.) On March 25, 2022, Petitioner was granted interim parole and was released into the country. (ECF No. 9-2.)

On June 29, 2026, Immigration and Customs Enforcement ("ICE") agents encountered Petitioner and arrested him pursuant to a Warrant of Removal. (ECF No. 6 at 1; ECF No. 6-1.)

On July 2, 2026, Petitioner filed the Petition arguing that his detention is unlawful. (*See generally* ECF No. 1.) Petitioner argues that his expedited removal order is invalid as it was never signed and executed. (*See id.* at 3.) Respondents filed an expedited response arguing that Petitioner is lawfully detained based on his final order of removal under 8 U.S.C. § 1225(b)(1). (ECF No. 6.) Petitioner replied arguing due process requires his release from custody. (ECF No. 9.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III. DECISION

In the Petition, Petitioner argues he is unlawfully detained under 8 U.S.C. § 1225. (*See generally* ECF No. 1.) Petitioner alleges his February 14, 2022, Expedited Order of Removal was defective, therefore, he is not subject to a final order or removal. (*See id.*) In response, Respondents

submit that Petitioner is lawfully detained under 8 U.S.C. § 1225(b)(1) based on his March 22, 2026 final order of removal issued by the IJ. (ECF No. 6.) Petitioner replied. (ECF No. 8.)

The Court agrees that based on the IJ's March 22, 2022, affirmation of the asylum officer's findings of negative fear, Petitioner is subject to a final order of removal. As of March 22, 2022, Petitioner has an administratively final order of removal. However, the Court finds Respondents' position that Petitioner is subject to lawful detention under 8 U.S.C. § 1225(b)(1) unsupportable. The Court finds that based on his final order of removal, Petitioner detention is governed by the post-removal statute, 8 U.S.C. 1231(a). *See Clark v. Martinez*, 543 U.S. 371, 378-379 (2005)(expanding the holding in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) to apply to noncitizens who were deemed inadmissible.)

Section 1231 states in relevant part that "when [a noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). This 90-day detention is mandatory. *See Zadvydas*, 533 U.S. at 683 ("While removal proceedings are in progress, most [noncitizens] may be released on bond or paroled. After entry of a final removal order and during the 90-day removal period, however, [noncitizens] must be held in custody." (internal citation omitted)). The removal period begins on the latest of the following:

(i)    The date the order of removal becomes administratively final.

(ii)    If the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order.

(iii)    If the [noncitizen] is detained or confined (except under an immigration process), the date the [noncitizen] is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). Here, Petitioner's 90-day mandatory "removal period" concluded June 20, 2022, 90 days after his order of removal became administratively final on March 22, 2022. 8 U.S.C. § 1231(a)(1)(B)(i).

ICE is not required to release the noncitizen once the removal period has expired, but "[d]ue process rights may be implicated where . . . there is no significant likelihood of removal in the reasonably foreseeable future." *Cepeda v. I.N.S.*, 273 F. Supp. 2d 222, 224 (E.D.N.Y. 2003) (citing *Zadvydas*, 533 U.S. at 701). In *Zadvydas,* the Supreme Court held that post-removal-order detention becomes constitutionally suspect only when it is prolonged beyond a presumptively reasonable six-month period and removal is not reasonably foreseeable. 533 U.S. at 701 (establishing a six-month presumption of reasonableness for post-removal-order detention).

Petitioner's detention—measured from his June 29, 2026 detention—falls far short of six months, rendering his claim premature.

Additionally, this Court lacks jurisdiction to consider whether Petitioner's detention is impermissible because of inadequacies with his March 15, 2022 expedited removal order or his re-detention following his interim parole. First, Petitioner is held under a final order of removal based on the IJ's March 22, 2022, decision. Second, this Court cannot participate in, or facilitate, a review of the merits of a removal order. Instead, "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions," related to a removal order is exclusively available with the Court of Appeals after a final removal order has been issued. *See* 8 U.S.C. § 1252(a)(5), (b)(9) (observing that no court shall have jurisdiction to review a final order of removal by any habeas corpus provision). "[W]hen [noncitizens] can get review later—by litigating before an immigration judge, the Board of Immigration Appeals, and

4

then by way of a [petition for review] to a court of appeals—they must do so." *Khalil v. President, United States*, 164 F.4th 259, 274 (3d Cir. 2026).

"A now-or-never claim must raise legal or factual *questions* that a court of appeals will not later be able to review meaningfully on a [petition for review]. It is not enough to assert an injury that cannot be remedied later." *Id.* at 274–75 (emphasis in original). Petitioner's claims of wrongful detention depend on whether he may be removed from the United States, which is a question that can be answered in a petition for review.

> [O]ur legal system routinely forces petitioners—even those with meritorious claims—to wait to raise their arguments. Consider an innocent defendant who was convicted of a serious crime and imprisoned because his trial lawyer was ineffective. His detention is wrongful: He did not actually commit the crime. But that does not entitle him to seek immediate release through habeas; first, he must exhaust his direct appeal.

*Id.* at 275. On the facts before the Court, Petitioner's wrongful detention claims are "not 'wholly collateral' to the removal process; they are 'inextricably linked' to it." *Id.* at 274. Therefore, the Court lack jurisdiction over these claims pursuant to § 1252(a)(5), (b)(9).

## IV. CONCLUSION

For the reasons expressed above, Petitioner's § 2241 Petition (ECF No. 1) is **DENIED**. An appropriate order follows.

Date:    July 27, 2026

/s/Brian R. Martinotti
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**